(May 19, 1897.)

DOBBINS v. MOUNCE.

[48 Pac. 1070.]

REPLEVIN—DEMAND—SALE.—When demand for return of property is necessary, if made on deputy sheriff, who conducted sale of same under chattel mortgage foreclosure, it is sufficient to bind sheriff.

SUFFICIENCY OF COMPLAINT.—The allegations of complaint held sufficient to sustain action, and sufficiently sustained by evidence to warrant the verdict of the jury.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

S. S. Denning and Burleigh & Green, for Appellant.

This is an action in detinue brought by the plaintiff Dobbins against the defendant Mounce, sheriff of Nez Perces county, Idaho, claiming that on the twenty-eighth day of August, 1894, the plaintiff was the owner of, and is now the owner of, and up to the twenty-eighth day of August was in the possession of and is now entitled to the immediate possession of

four hundred bushels of wheat and twenty-two sacks of barley, and certain farm, farmed by plaintiff and owned by one R. E. Larcom in Nez Perces county, Idaho, and described in the complaint. The defendant answered, denying all the allegations of the alleged complaint, and denying that the wheat was of any greater value than forty dollars. That on the twenty-eighth day of August, 1894, J. L. Hallett & Son placed in his hands as such sheriff, an affidavit and notice of foreclosure (which is set out), and alleges that he believes that the property described in plaintiff's complaint is some of the property covered by the said chattel mortgage. That he took the said property by reason of the said chattel mortgage. In replevin, as in all other actions, the evidence should correspond to the allegations, and be confined to the point in issue. (20 Am. & Eng. Ency. of Law, art. "Replevin," p. 1102, note 4, and authorities therein cited; Wells on Replevin, sec. 182.) They had failed to identify the property or to prove its value at the time and place of the taking. (5 Am. & Eng. Ency. of Law, tit. "Damages," p. 40, note 1; *Woodenware Co. v. United States,* 106 U. S. 432 1 Sup. Ct. Rep. 398.) Where the defendant has been guilty of no intentional wrong, according to the best authorities the value of the property *in situ* is the measure of the damages. (5 Am. & Eng. Ency. of Law, tit. "Damages," p. 37, and authorities cited in note 1; Sedgwick on Damages, 8th ed., sec. 243 et seq.)

James W. Reid, for Respondent.

The appellant admitted by his answer in justification that he took the property by his deputy, who was his agent, and disposed of the same. The goods were in possession of respondent, who claimed them when levied on. No demand was necessary, but demand was made nevertheless. (5 Am. & Eng. Ency. of Law, 5281, note b.) The proof of the taking, the place, the time, the value, the amount and the title was full and conclusive, and uncontroverted. Appellant made no effort to sustain his justification. If any error occurred, it was harmless.

SULLIVAN, C. J.—This is an action to recover the possession of four hundred bushels of wheat and twenty-two sacks

of barley, or, in case recovery thereof cannot be had, the value of the same, alleged to be $163.60, and $100 damages alleged to have been sustained by reason of the unlawful taking of said grain. The answer denies that plaintiff is the owner of, or entitled to the possession of, said grain; denies that defendant unlawfully or wrongfully took possession of said grain; and denies that plaintiff has sustained any damages by reason of the taking thereof; avers, as a separate defense, that he was the sheriff of Nez Perces county, and that Hallet & Son placed in his hands, as such sheriff, an affidavit and notice of foreclosure of a chattel mortgage which covered, and was a lien upon, said grain; that he proceeded to sell said grain as required by law, and did sell the same, to satisfy said chattel mortgage. The cause was tried by the court with a jury. At the close of plaintiff's evidence the defendant moved the court to direct the jury to bring in a verdict for defendant, which request or motion was denied. Thereupon defendant refused to introduce any evidence. The plaintiff then moved the court to instruct the jury to bring in a verdict in favor of the plaintiff for a return of the grain sued for, or, in case a return could not be had, the value thereof. The court thereupon directed the plaintiff's attorney to prepare a verdict, which was done, and after instructions by the court the jury retired to consider their verdict, and brought in the verdict prepared as aforesaid. Judgment was entered on said verdict in favor of plaintiff. A motion for a new trial was denied. This appeal is from the judgment and the order denying the motion for a new trial. Several errors are assigned.

The court allowed the plaintiff, Dobbins, to testify that he made demand for the property in controversy on the deputy sheriff, who sold the same under said chattel mortgage foreclosure proceedings, and the admission of that evidence is assigned as error. The record shows that said deputy sheriff made said sale, and the demand for said property was made on him before the sale. That was a sufficient demand on the sheriff, in case any demand was necessary.

The second error assigned goes to the admission of certain evidence showing that the grain in controversy was part in the shock, and part standing uncut in the field, at the time the

sheriff took possession thereof; it being alleged in the complaint that the defendant unlawfully took possession of four hundred bushels of wheat and twenty-two sacks of barley. We think the allegations of the complaint sufficient to permit the admission of that evidence. The averments of the complaint are not as clear as they might have been drawn. It was immaterial whether the wheat and barley were in sacks, or standing uncut in the field, so long as the defendant was not misled thereby. The complaint specifically alleges the year when said grain was raised, and describes the particular tract of land on which it was raised, and the defendant was not misled to his prejudice by said allegations or evidence.

At the close of plaintiff's evidence the defendant moved for judgment, which motion was denied, and that ruling of the court is assigned as error. The evidence established clearly that the plaintiff was the owner of, and entitled to the possession of, said grain, and that the wheat was worth thirty to thirty-five cents per bushel, and the barley thirty cents per bushel. One witness testified as follows: "I think it [the wheat] was worth thirty-five cents." The evidence further shows that there were four hundred and thirty-eight bushels of wheat, instead of four hundred, as alleged in the complaint. That amount of wheat at thirty-five cents per bushel would have been worth $153.30, and forty-four bushels of barley at thirty cents per bushel would have been worth thirteen dollars and twenty cents. Thus it is shown that said grain was worth $166.50. But it is contended by the appellant that the prices testified to were those of the grain delivered at the market, and the expenses of harvesting and threshing said grain, and for bags and marketing, must be deducted from said amount, or that the true measure of damages was the market value of the wheat after deducting said charges, or its value standing in the field. If it be true that expenses were incurred for the harvesting, etc., it devolved upon the defendant to show the amount of such charges if he wished credit therefor. As there is no evidence showing the amount of such charges, or that there were any expenses incurred for harvesting, etc., the jury was justified in returning a verdict for the value of the grain as shown

by the evidence.   If the defendant wished credit for any legiti-
mate expense in the cutting and marketing said grain, he
should have produced evidence thereof.   In cases where the
sheriff takes possession of standing grain wrongfully and un-
lawfully, and harvests, threshes and markets the same, it might
be that he would not be entitled to recover his expenses for so
doing; and, on the facts as shown by the record in this case, we
think he would not have been entitled to such expenses.   On
motion of plaintiff the court instructed the jury to bring in a
verdict for the plaintiff for the value of the grain, $163.50, and
that is assigned as error.   The plaintiff waived his claim for
damages, and asked for the value of the grain only.   We think
the evidence clearly shows that the grain was worth the amount
named in the verdict, and there was no conflict on that point,
and we are of the opinion that the court did not commit error
in directing a verdict for the plaintiff.   Appellant did not in-
troduce any evidence to sustain his justification as set forth in
his answer.

We have carefully examined the other errors assigned, and
find no prejudicial error in the record.   The judgment of the
court below must be sustained, and it is so ordered.   Costs of
appeal awarded to respondent.

Huston and Quarles, JJ., concur.